IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STANLEY AND GLADYS DANIELS )
)
     Plaintiffs, )
)
v. ) CASE NUMBER: 07-703-CB
)
AMERIQUEST MORTGAGE COMPANY, )
CITIMORTGAGE, INC. d/b/a )
CITIFINANCIAL MORTGAGE )
COMPANY, INC. )
)
     Defendants. )

## COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendants Ameriquest Mortgage Company, CitiMortgage, Inc. d/b/a CitiFinancial Mortgage Company, Inc. and aver as follows:

## JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

These claims arise from a real estate loan transaction resulting in a mortgage upon Plaintiffs' home in Millry, Alabama. Specifically, Plaintiffs assert claims against Defendants Ameriquest Mortgage Company ("AMC") and CitiFinancial Mortgage Company ("Citi") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. AMC, the loan originator, failed to make accurate disclosures as required under TILA. AMC also failed to provide adequate notice of Plaintiffs' statutory right to cancel the transaction. As a consequence of the failure to provide adequate notice, Plaintiffs have retained their right to cancel the transaction. Plaintiffs have exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. Notice of Plaintiffs' recission was also sent to Citi, which acquired the mortgage from AMC and is liable for TILA damages and rescission under 15 U.S.C. 1641. AMC and Citi have wrongfully failed to recognize Plaintiffs' rescission and have failed to comply with

other TILA obligations with respect to Plaintiffs' loan cancellation. Plaintiffs seek a court determination that the transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorneys fees and costs.

## THE PARTIES

1.    Plaintiffs are of full age of majority and are resident citizens of Washington County, Alabama.

2.    Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

3.    CitiMortgage, Inc. does business as CitiFinancial Mortgage Company ("Citi") and is a New York corporation with its principal place of business in Irving, Texas. At all relevant times, Citi was engaged in the making, holding and/or selling of federally related residential mortgage loans. Citi does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

4.    On or about September 1, 2004, Plaintiffs obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $84,000 and was secured by a mortgage security interest in Plaintiffs' home located at Route 3, Box 134, Mill Pond Road in Millry, Alabama.

5.    At some point after closing, the loan was sold, transferred and assigned to Citi.

6.    Plaintiffs' loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiffs' loan with AMC. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or

(3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

7.  Citi is an assignee within the meaning of 15 U.S.C. § 1641(c).

8.  A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

9.  When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

10. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d).

11. AMC failed to provide the required notice of Plaintiffs' right to cancel the loan with AMC. The form that was supplied to Plaintiffs was blank, unsigned and not dated.

12. With respect to Plaintiffs' loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week"

"notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

13. Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

14. By letter dated March 5, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan. In the notice, Plaintiffs offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b). By letter dated August 2, 2007, Plaintiffs notified Citi of their rescission of their loan and forwarded to Citi the March 5, 2007 cancellation notice addressed to AMC.

15. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said the security interest is void upon delivery of the notice of the election to cancel.

16. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling. AMC subsequently assigned the security interest to Citi.

17. AMC and Citi are each a "creditor" as that term is defined at 15 U.S.C. 1602(f).

## COUNT I
### TILA Violations

18. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

19. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

20. Defendants have violated TILA, with respect to the Plaintiffs' loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the

4

security interest and returning all money paid by Plaintiffs in connection with the loan; and

  (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against AMC and Citi and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages of as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Defendants to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to Defendants, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the Defendants to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

               _____
               KENNETH J. RIEMER (RIEMK8712)
               One of the Attorney for Plaintiffs
               P.O. Box 1206
               Mobile AL 36633
               Telephone: (251) 432-9212
               Facsimile: (251) 433-7172
               Email: kjr@alaconsumerlaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

CitiMortgage, Inc.
4050 Regent Boulevard
Irving, TX 75063